IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GLADYS APONTE,

                Plaintiff,

      v.

ILLINOIS WORKER'S
COMPENSATION COMMISSION,

                Defendant.

Case No. 19 C 5260

Judge Harry D. Leinenweber

## MEMORANDUM OPINION AND ORDER

For the reasons stated herein, the Court denies in part and grants in part Defendant Illinois Worker's Compensation Commission's partial motion to dismiss. (Dkt. No. 33.)

## I. BACKGROUND

Plaintiff Gladys Aponte is suing her former employer, the Illinois Worker's Compensation Commission ("IWCC"), for harassment and retaliation. According to her five-count amended complaint filed in this Court, she is a Latina woman who has been employed by the IWCC since 1993. (Sec. Am. Compl. ¶¶ 1,9–10, Dkt. No. 24.) On July 1, 2015, Yvona Castronova, an Asian woman, became her supervisor. (*Id.* ¶ 16.) Since then she has been suspended without pay without cause on several occasions. (*Id.* ¶¶ 17–18.) She has been denied the use of a punch holder, a label writer, and a coat rack. (*Id.* ¶¶ 19–21.) She was also admonished for using her cell

phone while sitting at her desk, and she was required to produce a late slip when she arrived late to work. (*Id.* ¶¶ 22-23.) Her work was subjected to more rigorous review than the work of other employees. (*Id.* ¶ 25.) In addition, she had to wait to learn her annual time off and was also asked to wait to use the copy machine until Castronova finished using it. (*Id.* ¶¶ 26,28.) She was also excluded from staff meetings. (*Id.* ¶ 31.) Based on the forgoing, Count I alleges national origin discrimination; Count II alleges color discrimination; Count III alleges age discrimination; Count IV alleges race discrimination in violation of 42 U.S.C. § 1982; and Count V alleges retaliation. She also alleges that she filed her complaint with the Equal Employment Opportunity Commission ("EEOC") on April 30, 2019, and received a right to sue letter on May 7. 2019. This complaint followed.

## II.  **DISCUSSION**

Defendant has moved to dismiss Counts II and III based on alleged failure to exhaust her administrative remedies. Defendant has also moved to dismiss Count IV because the Defendant is an agency of the State of Illinois and is not a proper defendant for suit alleging violation of Section 1983. Defendant moves to dismiss Count V, retaliation, on res judicata grounds.

### A. Counts II and III – Administrative Remedies

Defendant argues that Counts II and III should be dismissed because her complaint with the EEOC did not allege either color or age discrimination. Defendant's basis for dismissal of her race discrimination count is her failure to check the box on her EEOC complaint alleging "color" discrimination. However, she did check the "race" box and, in the "Particulars" section she complained that she was "discriminated against because of my race, Black. . . ." (Discrimination Charge at 1, Am. Compl., Ex. 1, Dkt. No. 24-1.) As Plaintiff specifies that she is discriminated against for being Black, this allegation is sufficient as a skin color discrimination complaint. *See Jenkins v. Blue Cross Mut. Hosp. Ins., Inc.*, 538 F.2d 164, 169 (7th Cir. 1976)(holding that specifics in the EEOC charge form are sufficient to state a claim despite of the lack of a check in the EEOC form box). Accordingly, the Motion to Dismiss Count II is denied.

Regarding Count III, age discrimination, Plaintiff's complaint is devoid of any indication that the discrimination is due to her age. As noted by Defendant, Plaintiff failed to check the box for age discrimination. She also failed to allege in the "Particulars" section any mention of age discrimination. Plaintiff's argument in her brief appears to be that, by alleging that she has worked for Defendant since 1993, one could assume

that her discrimination was based at least in part on age. A plaintiff cannot bring claims in a lawsuit that were not included in her IDHR/EEOC charge. The only exception is to include claims that are "like or reasonably related to the claims [plaintiffs] asserted in their EEOC charges." *Chaidez v. Ford Motor Co.*, 937 F.3d 998 1004 (7th Cir. 2019). Age and race are not reasonably related. *Johnson v. Beach Park Sch. Dist.*, 103 F. Supp. 3d 931, 935 (N.D. Ill. 2015), aff'd, 638 F. App'x 501 (7th Cir. 2016) (holding that neither disability nor race "sufficiently alleges that [Defendant] discriminated against [Plaintiff] on account of her age"). Count III is dismissed.

## B. Count IV – Section 1983 Claim

Plaintiff acknowledges that her Section 1983 claim should be dismissed but asks to be allowed to do so voluntarily without prejudice. Therefore, Count IV is dismissed without prejudice.

## C. Count V - Retaliation

Defendant contends that Count V, retaliation, must be dismissed under the doctrine of res judicata. Plaintiff originally sued Defendant for retaliation before Judge Rebecca R. Pallmeyer in 2016. *Aponte v. Illinois Worker's Compensation Commission*, 16 CV 0459 (N.D. Ill.). Based on a stipulation of the parties, the cause was dismissed with prejudice on July 26, 2018. The claims in that case were for retaliation under Title VII and for violation

of Federal Family Leave Act. This suit was filed as a new suit on August 2, 2019. Defendant argues Plaintiff settled her claim for retaliation in 2018 before this suit was filed, and as a result the suit's dismissal with prejudice precludes Count V.

In response, Plaintiff argues that she was not discharged until after she settled her case and therefore her claim for retaliation is ripe. Res Judicata or claim preclusion has three elements: a final decision on the merits in the first suit, a dispute arising from the same operative facts, and the same litigants. *U.S. ex rel., Lusby v, Rolls-Royce Corp.,* 570 F.3d 849, 851 (7th Cir. 2011). In the current suit, Plaintiff's claim for retaliation appears to rely upon her original Charge of Discrimination filed prior to her first lawsuit on July 15, 2015. While a new suit certainly could be filed based on misconduct occurring after the dismissal of her first suit against IWCC, Plaintiff would have had to exhaust remedies again before she could proceed on a claim based on new misconduct. The Court notes Plaintiff failed to allege that her dismissal, which, according to her amended complaint, occurred in September 2018, was in retaliation. She merely alleges that no reason was given for her termination. The retaliation claim appears to be proceeding instead on the same operative facts upon which her original suit

was based. Thus, all three elements are present, and the motion to dismiss Count V is granted.

### III.  CONCLUSION

For the reasons stated herein, the motion to dismiss Count II is denied. The Motion to Dismiss Counts III, IV, and V is granted.

**IT IS SO ORDERED.**

_____
        Harry D. Leinenweber, Judge
        United States District Court

Dated: 2/8/2021