IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GLADYS APONTE,<br><br>    Plaintiff,<br><br>  v.<br><br>ILLINOIS WORKER'S COMPENSATION COMMISSION,<br><br>    Defendant. | Case No. 1:19-cv-5260<br><br>Hon. Judge Harry Leinenweber |

## THIRD AMENDED COMPLAINT

Plaintiff Gladys Aponte ("Ms. Aponte" or "Plaintiff"), pursuant to Federal Rules Of Civil Procedure 8(a) And 15(a)(2), complains against Defendant Illinois Worker's Compensation Commission ("IWCC" or "Defendant") and respectfully states as follows:

### INTRODUCTION

1. This case arises from an ongoing series of discriminatory actions taken by Ms. Aponte's former employer, the IWCC, which culminated in the termination of her employment as an Industrial Commission Technician. ("Information Tech.") on September 30, 2018.

### JURISDICTION

2. This action is brought under Title VII of the Civil Rights Act of 1964 ("Title VII") as amended, 42 U.S.C. § 2000e *et seq*.

3. This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, because this is a civil action arising under the laws of the United States, specifically Title VII.

## VENUE

4. Pursuant to 28 U.S.C. § 1391(b), venue is proper in this District. Defendant is located within this District and a substantial part of the events or omissions giving rise to the claims alleged herein occurred in this District. Defendant employed Ms. Aponte and terminated her employment in this District.

## PARTIES

5. Ms. Aponte is an adult Latina of Dominican heritage and is resident of the State of Illinois. Ms. Aponte's color is Black. From July 1, 2015 through September 2018 and at all times relevant to this suit, Ms. Aponte was employed by the IWCC at 100 W. Randolph St., 8th Floor, Chicago, Illinois 60601.

6. Defendant IWCC is a state of Illinois agency that purports to resolve disputes between employees and employers regarding work-related injuries and illnesses. Defendant is located at 100 W. Randolph St., 8th Floor, Chicago, Illinois 60601. Defendant employs at least 15 full-time employees and so is a covered employer under Title VII.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

7. Around April 30, 2019, Ms. Aponte timely filed a charge with the Equal Employment Opportunity Commission ("EEOC") claiming national origin discrimination, color discrimination, race discrimination, and retaliation. (See Charge of Discrimination attached as Exhibit "A")

8. On May 3, 2019, the EEOC issued Ms. Aponte a Notice of Right to Sue. Ms. Aponte filed her original complaint on August 2, 2019, within 90 days of the receipt of the Notice of Right to Sue. (See Notice of Right to Sue attached hereto as Exhibit "B").

**STATEMENT OF FACTS**

9. On May 10, 1993, the IWCC hired Ms. Aponte as an Office Coordinator in its Data Department.

10. At all times during her employment, Ms. Aponte was fully qualified for her position, performed her job duties well and received positive performance reviews.

11. In July of 2015, the IWCC downsized the Department. To avoid losing her job, Ms. Aponte applied for and was awarded a promotion. The new position was Industrial Commission Technician, a position which required her to be bi-lingual.

12. Around July 1, 2015, Yvona Castronova (Asian) became Ms. Aponte's supervisor.

13. During the course of her employment at the IWCC from 2015 to September 30, 2018, Ms. Aponte suffered continuous and targeted unfair treatment at the hands of her supervisor and other colleagues due to her national origin, color and race.

14. Ms. Castronova continuously and repeatedly discriminated against Ms. Aponte.

15. In 2015, prior to her termination, Ms. Aponte filed a charge of discrimination with the EEOC ("2015 EEOC Charge").

16. On January 13, 2016, Ms. Aponte filed a lawsuit in the United States District Court for the Northern District of Illinois (Case No. 16-cv-0459) ("2016 Lawsuit") alleging discrimination against the IWCC on the basis of nation origin, race and sex, as well as retaliation pursuant to Title VII, and for violations of the Family Medical Leave Act, 29 U.S.C. § 2612.

17. On July 26, 2018, Ms. Aponte's 2016 Lawsuit was dismissed with prejudice pursuant to the stipulation of the parties.

18. Just prior to and following the dismissal of her 2016 Lawsuit, Ms. Castronova engaged in more rigorous review of Ms. Aponte's work than of other employees.

19. Just prior to and following the dismissal of her 2016 Lawsuit, Ms. Aponte was criticized and disciplined for conduct that went unpunished when committed by other IWCC employees.

20. Following the dismissal of her 2016 Lawsuit, Ms. Castronova instructed another IWCC employee not to speak to Ms. Aponte.

21. In July of 2018, Ms. Castronova disciplined Ms. Aponte for leaving at 3 p.m. on an announced and approved early dismissal day when other employees similarly left at 3 p.m. and were not disciplined.

22. On or about July 5, 2018, Ms. Castronova removed a label writer from Ms. Aponte's work station and explained that department would no longer be utilizing label writers. However, Ms. Castronova did not remove a label writer from any other employees' work station.

23. In August of 2018, Ms. Castronova refused to timely respond to Ms. Aponte's lawful request for time off.

24. In September of 2018, the IWCC terminated Ms. Aponte's employment because of her race, color, and national origin, and in retaliation for filing her 2015 EEOC charge and 2016 Lawsuit against the IWCC.

**COUNT I**
**National Origin Discrimination**
**Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.**

25. The foregoing paragraphs are re-alleged and incorporated by reference herein.

26. Title VII of the Civil Rights Act of 1964, as amended, prohibits discrimination in employment practices and specifically 42 U.S.C. § 2000e-2 provides in pertinent part:

> **"(a) Employer practices**
>
> It shall be an unlawful employment practice for an employer— (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with

respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin;"

27. Ms. Aponte, as a Latina woman of Dominican heritage, is a member of a protected class based on national origin.

28. Ms. Aponte performed her job satisfactorily at all times while employed by Defendant.

29. Following the dismissal of her 2016 Lawsuit and until her termination on September 30, 2018, the IWCC and Ms. Castronova discriminated against Ms. Aponte because of her national origin.

30. Ms. Castronova discriminated against Ms. Aponte by conducting a more rigorous review of Ms. Aponte's work, subjecting Ms. Aponte to more criticism in the work place compared to other employees, denying her tools that were provided to other similarly situated employees, and subjecting Ms. Aponte written reprimands for conduct that went unpunished when engaged in by other employees.

31. The IWCC terminated Ms. Aponte's employment because of her national origin, Latina of Dominican heritage.

32. Ms. Aponte exhausted her administrative remedies.

33. As a result of the IWCC's conduct, Ms. Aponte has suffered damages including economic losses and emotional distress, in an amount to be determined at trial.

34. Defendant's actions were willful, malicious, and were committed with the wrongful intent to injure Ms. Aponte and in conscious disregard of Ms. Aponte's rights.

**COUNT II**
**Color Discrimination**
**Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.**

35. Paragraphs 1-24 are re-alleged and incorporated by reference herein.

36. Title VII of the Civil Rights Act of 1964, as amended, prohibits discrimination in employment practices and specifically 42 U.S.C. § 2000e-2 provides in pertinent part:

"**(a) Employer practices**

It shall be an unlawful employment practice for an employer— (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin;"

37. Ms. Aponte, as a Black woman, is a member of a protected class based on color.

38. Ms. Aponte performed her job satisfactorily at all times employed by the IWCC.

39. Following the dismissal of her 2016 lawsuit and until her termination on September 30, 2018, the IWCC and Ms. Castronova discriminated against Ms. Aponte because of her color.

40. Ms. Castronova discriminated against Ms. Aponte by conducting a more rigorous review of Ms. Aponte's work, subjecting Ms. Aponte to more criticism in the work place compared to other employees, denying her tools that were provided to other similarly situated employees, and subjecting Ms. Aponte written reprimands for conduct that went unpunished when engaged in by other employees.

41. The IWCC terminated Ms. Aponte's employment because of her color.

42. Ms. Aponte exhausted her administrative remedies.

43. As a result of the IWCC's conduct, Ms. Aponte has suffered damages including economic losses and emotional distress, in an amount to be determined at trial.

44. Defendant's actions were willful, malicious, and were committed with the wrongful intent to injure Ms. Aponte and in conscious disregard of Ms. Aponte's rights.

**COUNT III**
**Race Discrimination**
**Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.**

45. Paragraphs 1-24 are re-alleged and incorporated by reference herein.

46. Title VII of the Civil Rights Act of 1964, as amended, prohibits discrimination in employment practices and specifically 42 U.S.C. § 2000e-2 provides in pertinent part:

"**(a) Employer practices**

It shall be an unlawful employment practice for an employer— (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin;"

47. Ms. Aponte, as a Black Latina of Dominican heritage, is a member of a protected class based on race.

48. Ms. Aponte performed her job satisfactorily at all times employed by Defendant.

49. Following the dismissal of her 2016 lawsuit and until her termination on September 30, 2018, the IWCC and Ms. Castronova discriminated against Ms. Aponte because of her race.

50. Ms. Castronova discriminated against Ms. Aponte by conducting a more rigorous review of Ms. Aponte's work, subjecting Ms. Aponte to more criticism in the work place compared to other employees, denying her tools that were provided to other similarly situated employees, and subjecting Ms. Aponte to written reprimands for conduct that went unpunished when engaged in by other employees.

51. The IWCC terminated Ms. Aponte's employment because of her race.

52. Ms. Aponte exhausted her administrative remedies.

53. As a result of the IWCC's conduct, Ms. Aponte has suffered damages including economic losses and emotional distress, in an amount to be determined at trial.

54. Defendant's actions were willful, malicious, and were committed with the wrongful intent to injure Ms. Aponte and in conscious disregard of Ms. Aponte's rights.

## COUNT IV
### Retaliation for Engaging in Protected Activity
### Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a)

55. Paragraphs 1-24 are re-alleged and incorporated by reference herein.

56. Ms. Aponte engaged in protected activity when she complained about discrimination and disparate treatment and when she filed her 2015 EEOC Charge and 2016 Lawsuit alleging discrimination and retaliation.

57. Ms. Castronova retaliated against Ms. Aponte by conducting a more rigorous review of Ms. Aponte's work, subjecting Ms. Aponte to more criticism in the work place compared to other employees, denying her tools that were provided to other similarly situated employees, and subjecting Ms. Aponte to written reprimands for conduct that went unpunished when engaged in by other employees.

58. The IWCC further retaliated against Plaintiff by terminating her employment for engaging in the protected activity of filing her 2015 EEOC Charge and 2016 Lawsuit after the 2016 Lawsuit was dismissed.

59. Ms. Aponte, at all times employed by the IWCC, performed her job satisfactorily.

60. As a result of the IWCC's conduct, Ms. Aponte has suffered damages including economic losses and emotional distress, in an amount to be determined at trial.

61. Defendant's actions were willful, malicious, and were committed with the wrongful intent to injure Ms. Aponte and in conscious disregard of Ms. Aponte's rights.

## JURY DEMAND

62. Ms. Aponte requests trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Ms. Aponte respectfully requests that the Court award her:

A. All past lost wages and benefits, plus interest;

    B.      Compensatory damages suffered because of this discrimination and retaliation;

    C.      Punitive damages;

    D.      An order that Defendant reinstate Ms. Aponte to a position comparable to her former one, or, instead of reinstatement, award her front pay and benefits;

    D.      All costs and reasonable attorney fees incurred in connection with this action; and

    E.      Any other damages and further relief as deemed just.

**DATED: September 8, 2021**          Respectfully submitted,

                                          Gladys Aponte

                                          By: */s/ Michael J. Cederoth*
                                                One of her Attorneys

Katherine Mendez
kmendez@seyfarth.com
Michael J. Cederoth
mcederoth@seyfarth.com

SEYFARTH SHAW LLP
233 South Wacker Drive, Suite 8000
Chicago, Illinois 60606-6448
Telephone:   (312) 460-5000
Facsimile:    (312) 460-7000

Case: 1:19-cv-05260 Document #: 58 Filed: 09/08/21 Page 10 of 10 PageID #:179

## **CERTIFICATE OF SERVICE**

I, an attorney, hereby certify that on September 8, 2021, I filed the attached with the Clerk of the Court, using the ECF system, which will send such filing to all attorneys of record.

By: */s/ Michael J. Cederoth*
Counsel for Plaintiff