**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| GLADYS APONTE, | |
| Plaintiff, | Case No. 19 cv 5260 |
| v. | Honorable Sunil R. Harjani |
| ILLINOIS WORKERS' COMPENSATION COMMISSION, | |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Gladys Aponte sued Defendant Illinois Workers' Compensation Commission for employment discrimination and retaliation in connection with her previous employment at the Commission. Defendant has moved for summary judgment. [158]. For the reasons stated below, the Court strikes the summary judgment filings without prejudice as a result of significant Local Rule 56.1 violations. The parties are given leave to refile their summary judgment briefing in accordance with this opinion.

**Discussion**

Plaintiff sued Defendant for unlawful discrimination on the basis of national origin, color, and race, and for retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* [58]. Defendant filed a motion for summary judgment [158] raising various arguments. Both parties have filed statements of facts and responses pursuant to Local Rule 56.1. Those statements of facts are unhelpful, confusing, and fail to comply with the local rule and case law in this Circuit.

When deciding a motion for summary judgment, "the district court's role in deciding the motion is not to sift through the evidence, pondering the nuances and inconsistencies, and decide whom to believe." *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). Rather, the

1

court has only one task: "to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Id.* It is the parties' burden to identify the evidence to facilitate the court's assessment. *Id.*

The Northern District promulgated Local Rule 56.1 to set out the procedures for summary judgment in this district. One such procedure is the use of the Local Rule 56.1 statements of fact, which is supposed to streamline the court's review of the evidence. *Cesario v. Jewel Food Stores, Inc.*, 2020 WL 996498, at *1 (N.D. Ill. Mar. 2, 2020). The moving party must file a statement of material facts and attach the cited evidentiary material. L.R. 56.1(a)(2). The opposing party must file a response to the movant's statement of the facts. L.R. 56.1(b)(2). The opposing party may also file a statement of additional material facts. L.R. 56.1(b)(3). If the opposing party files a statement of additional facts, the moving party must respond to the additional facts.

Each party's statement of facts "must consist of concise numbered paragraphs." L.R. 56.1(d)(1). Each asserted fact must be supported by citation to the record evidence. L.R. 56.1(d)(2). The movant's statement of facts must not exceed 80 numbered paragraphs, and the opposing party's statement of additional facts must not exceed 40 numbered paragraphs. L.R. 56.1(d)(5). A party must seek leave of court before exceeding these limits. *Id.*

Similarly, the response to a statement of facts must consist of numbered paragraphs that correspond to the fact statement. L.R. 56.1(e)(1). "Each response must admit the asserted fact, dispute the asserted fact, or admit in part and dispute in part the asserted fact." L.R. 56.1(e)(2). The response may not set out any new facts or assert legal arguments, except to make an objection, such as objections based on admissibility, materiality, or absence of evidentiary support. *Id.* "If a party contends that its opponent has included objectionable or immaterial evidence or argument in a LR 56.1 submission, the party's argument that the offending material should not be considered

2

should be included in its response or reply brief." *Id.* To dispute a fact, "a party must cite specific evidentiary material that controverts the fact and must concisely explain how the cited material controverts the asserted fact." L.R. 56.1(e)(3).

Local Rule 56.1 statements are integral to a court's evaluation of a summary judgment motion. Local Rule 56.1 assists the court "by organizing the evidence, identifying undisputed facts, and demonstrating precisely how each side proposed to prove a disputed fact with admissible evidence." *Bordelon v. Chicago Sch. Reform Bd. of Trs.*, 233 F.3d 524, 527 (7th Cir. 2000) (quoting *Markham v. White*, 172 F.3d 486, 490 (7th Cir. 1999)). "Because of the high volume of summary judgment motions and the benefits of clear presentation of relevant evidence and law, [the Seventh Circuit has] repeatedly held that district judges are entitled to insist on strict compliance with local rules designed to promote the clarity of summary judgment filings." *Stevo v. Frasor*, 662 F.3d 880, 886–87 (7th Cir. 2011). Failure to abide by the local rules can result in severe penalties, such as deeming facts admitted or striking non-compliant fact statements. *See Cichon v. Exelon Generation Co.*, 401 F.3d 803, 809–10 (7th Cir. 2005) ("A district court does not abuse its discretion when, in imposing a penalty for a litigant's non-compliance with Local Rule 56.1, the court chooses to ignore and not consider the additional facts that a litigant has proposed."). Despite these clear rules, there is no shortage of summary judgment opinions issued by judges in this district addressing Local Rule 56.1 violations, rendering this a recurring and consistent problem among counsel litigating in this district. *See, e.g.*, *Pipefitters' Ret. Fund, Loc. 597 v. Diversified Gen. Contractors, Inc.*, 2025 WL 2053361 (N.D. Ill. July 22, 2025); *Palmer v. City of Markham*, 2023 WL 11960561 (N.D. Ill. Feb. 24, 2023); *Gross v. Peoples Gas Light & Coke Co.*, 634 F. Supp. 3d 464 (N.D. Ill. 2022); *Magee v. McDonald's Corp.*, 2019 WL 10447014 (N.D. Ill. Mar. 28, 2019); *Rivera v. Guevara*, 319 F. Supp. 3d 1004 (N.D. Ill. 2018), *opinion clarified,* 2018 WL 11469072

(N.D. Ill. May 17, 2018); *Van Dyke v. Barnes*, 2017 WL 1105390 (N.D. Ill. Mar. 24, 2017); *Boyd v. City of Chicago*, 225 F. Supp. 3d 708 (N.D. Ill. 2016); *Mervyn v. Nelson Westerberg, Inc.*, 142 F. Supp. 3d 663 (N.D. Ill. 2015); *Brozenec v. First Indus. Realty Tr., Inc.*, 2010 WL 5099995 (N.D. Ill. Dec. 8, 2010); *Brown v. Union Pac. R. Co.*, 2006 WL 299070 (N.D. Ill. Feb. 7, 2006).

Here, the Court has found numerous and substantial violations of Local Rule 56.1 in the parties' statements of fact and accompanying responses. As a result, the statements of fact and responses have become completely unwieldly and unhelpful. The Court summarizes the various violations in each of parties' submissions below.

## The Parties' Rule 56.1 Statements of Fact

Defendant objects that Plaintiff's statement of additional facts violates Local Rule 56.1 by including multiple unrelated facts in many of her paragraphs. Although limited to 40 in number, many of Plaintiff's paragraphs are excessively long and include multiple, unrelated assertions. Take, for example, paragraphs 11 and 13 from Plaintiff's statement of additional material facts:

> 11. Castronova's remarks on Plaintiff's performance reviews criticized Plaintiff for trivial, subjective shortcomings such as forgetting to place calls on hold while looking for information, using her cell phone in the office, socializing with colleagues outside of her department, "question[ing]" or "not respect[ing]" Castronova's authority, and complaining about Castronova's harassment or lack of training. Def. Ex. 5 at IWCC 19cv526 0000094; Def. Ex. 6 at IWCC 19cv526 0000179; Pl. Ex. 12 at IWCC 19CV526 0000208-10. Castronova did not criticize her other direct reports—including the other ICTs—for similar issues. *See* Pl. Ex. 4 at IWCC 007547-7570 (Y.D. performance reviews); Pl. Ex. 13 at IWCC 007573-7596 (R.G. performance reviews); Pl. Ex. 14 at IWCC 007597-7609 (D.K. performance reviews); Pl. Ex. 15 at IWCC 7610- 7623 (J.P. performance reviews); Pl. Ex. 16 at IWCC 007624-7644 (T.P. performance reviews); Pl. Ex. 17 at IWCC 007670-7697 (J.V. performance reviews). This is despite the fact that, for example, Y.D. constantly used her cell phone in the IWCC office and made minor mistakes on her work. Def. Ex. 1 at 201:16-203:16.

> 13. Freeman—a former IWCC supervisor who conducted employee performance evaluations and received trainings on conducting such evaluations—testified that an IWCC employee's ability to speak English is not a proper competency that is evaluated as part of a performance review. Pl. Ex. 6 at 23:2-9, 24:19-23, 25:24-

26:16, 35:22-36:8, 39:14-40:15. Nonetheless, in Plaintiff's 2017 performance review, Castronova told Plaintiff to enroll in English as a Second Language ("ESL") courses, claiming without substantiation that Plaintiff "complained that as English is her second language and [gave] that reason why she [didn't] understand general WC information or supervisor's instructions." Def. Ex. 6 at IWCC 19CV526 0000179. Plaintiff did not did not [sic] complain that English was her second language or give this reason for not understanding workers' compensation information or Castronova's instructions. Plaintiff found Castronova's comments to be discriminatory based on Plaintiff's race, color, and national origin. Def. Ex. 1 at 229:1-230:6.

[168-28] ¶¶ 11, 13. Such lengthy assertions plainly violate Local Rule 56.1's requirement that paragraphs be concise. While such a determination necessarily involves a court's discretion and consideration of the needs of the particular case, "[a]t some point, paragraphs become objectively too long." *See Rivera*, 319 F. Supp. 3d at 1018. One indication a paragraph has become too long is when it contains separate assertions on different topics that can only be connected by improper argument. *See id.* To be sure, the Court does not conclude that every paragraph Defendant objects to violates Local Rule 56.1's length requirement. However, the Court finds that far too many of Plaintiff's paragraphs are overly lengthy such that her fact statement exceeds the 40-paragraph limit.

In addition, many of Plaintiff's asserted facts are actually improper arguments or contain legal conclusions. "The purpose of the 56.1 statement is to identify for the Court the evidence supporting a party's factual assertions in an organized manner: it is not intended as a forum for factual or legal argument." *Malec v. Sanford*, 191 F.R.D. 581, 585 (N.D. Ill. 2000). For example, paragraph six of Plaintiff's statement of additional facts states, "After Tate [another employee] filed an EEOC charge at the time Tate reported to Castronova, IWCC management also retaliated against Tate and interfered with her work." [168-28] ¶ 6. Not only is this fact vague, asserting that Defendant "also retaliated" against another employee is a legal conclusion, which is improper to include in a fact statement. *See, e.g.*, *Malec*, 191 F.R.D. at 583.

5

There is good reason for the requirement that each paragraph be concise. The numbered paragraphs in a fact statement "should contain only one or two individual allegations, thereby allowing easy response." *Id.* Indeed, as discussed below, Defendant was forced to respond to each of Plaintiff's separate factual assertions, resulting in overly complicated response statements that the Court must wade through. If Plaintiff wanted to include more than 40 paragraphs, she should have sought leave of court to do so. *See* L.R. 56.1(d)(5).

Notwithstanding the above, the Court also notes that not all of Defendant's paragraphs in its own statement of facts comply with Local Rule 56.1. Paragraph nine asserts *11 separate instances of discipline* that Plaintiff purportedly received prior to her termination, all contained in one paragraph. *See* [160] ¶ 9. Thus, Defendant is also guilty of employing the same improper methodology.

## The Parties' Local Rule 56.1 Responses

Neither of the parties' responses to the fact statements fare much better. The parties seem to believe that objecting on any grounds, disputing wherever possible, and including argument in their responses is appropriate. Such scorch-earth mentality in Local Rule 56.1 frustrates a court's effort to identify those facts that are in dispute and those that are undisputed.

First, Plaintiff's responses to Defendant's statement of facts do not comply with Local Rule 56.1 because they raise improper objections and assert additional facts. Plaintiff disputes Defendant's facts on the grounds that they have been cherry-picked to support Defendant's motion. *See* [170] ¶¶ 6, 7, 9, 20–26, 29, 32, 65–69, 71, 72, 75.[1] Frankly, that is the point of the Local Rule

---

[1] The Court notes that Plaintiff removed the automatic paragraph formatting in her response to Defendant's statement of facts but labeled each of Defendant's statements consistent with their paragraph numbers in Defendant's original filing. For ease of reference, when citing to Plaintiff's responses to Defendant's statement of facts, the Court cites to the paragraph number.

56.1 statements. A movant on summary judgment presents the facts that it believes warrant judgment in its favor. If Plaintiff believes additional facts are material, she should include them in her statement of additional facts. *See Ammons v. Aramark Unif. Servs., Inc.*, 368 F.3d 809, 817 (7th Cir. 2004).

Further, when Plaintiff "disputes in part" a paragraph on the grounds that Defendant has "selectively" included only favorable facts, she fails to identify which part of the paragraph is disputed and which part is admitted. The Court is not "required to wade through improper denials and legal argument in search of a genuinely disputed fact." *Bordelon*, 233 F.3d at 529. For example, Defendant offers paragraph 72 in its statement of facts:

> Sometime in 2016 or 2017, an IWCC punch holder that Plaintiff had kept on her desk was removed, and Plaintiff was directed, instead, to use a punch holder on a common space of the office. Ex. 1, Aponte Dep. 244:13–247:14.

[160] ¶ 72. Plaintiff disputes this paragraph in part but does not identify which part is disputed and which part is admitted. *See* [170] ¶ 72. Rather, she disputes the fact in part "because Defendant selectively identifies aspects of Plaintiff's claims without incorporating any contextual facts concerning this incident" and cites to her deposition testimony. *Id.* Plaintiff also cites paragraph 21 of her own statement of additional facts for "important contextual facts ignored by Defendant." *Id.* Paragraph 21 of Plaintiff's statement reads:

> Every IWCC employee in the office also had a punch holder on their desk. Def. Ex.1 at 244:9-245:21. Sometime around 2016-2017, Castronova removed only Plaintiff's punch holder from her desk, and required Plaintiff to instead use a punch holder in the office common area. *Id.* at 244:13-247:14.

[168-28] ¶ 21. Clearly, Plaintiff does not dispute that a punch holder was removed from her desk in 2016 or 2017, and she even cites the same record evidence as Defendant in support of the fact in her own statement. Nonetheless, instead of clearly identifying which aspects of the paragraph are admitted or denied, Plaintiff's response requires the Court to review Defendant's fact

7

statement, Plaintiff's fact statement, and the record evidence to determine whether there is a genuine dispute. "[I]f a material fact is not disputed (or if there is no evidence that controverts the fact), the district court is entitled to know that up front, without first having to examine citations to evidence having only marginal bearing on the question." *Bordelon*, 233 F.3d at 528; *see also Curtis v. Costco Wholesale Corp.*, 807 F.3d 215, 219 (7th Cir. 2015) ("A litigant who denies a material fact is required to provide the admissible evidence that supports his denial in a clear, concise, and obvious fashion, for quick reference of the court.").

Plaintiff's citation to her own statement of additional facts to provide more "contextual facts" is also improper on two additional grounds. As an initial matter, Local Rule 56.1 does not allow the non-moving party to set forth non-responsive additional facts in its response to the movant's statement of material facts. *De v. City of Chicago*, 912 F. Supp. 2d 709, 714–15 (N.D. Ill. 2012). Here, Plaintiff directs the Court to review her statement of additional facts without any explanation, other than to say the cited facts provide additional context. The Court cannot even determine whether the additional facts are responsive without exerting the time and effort to review her statement. Second, to dispute an asserted fact, Local Rule 56.1 requires a party to cite specific evidentiary material, not a cross reference to a party's own statement of facts. *See Rivera*, 319 F. Supp. 3d at 1019 ("[U]sing a cross reference saves counsel time but offloads on the court the burden of identifying what is factually disputed and whether the dispute is material.").

Defendant shares the blame for its voluminous and improper responses. Defendant raises numerous legal objections to Plaintiff's factual assertions directly in its response to Plaintiff's fact statement, resulting in many responses that are a page or more in length. Per the Local Rule, arguments regarding objectionable or immaterial evidence or argument should be included in a response or reply brief. L.R. 56.1(e)(2). And whether Defendant ultimately admits or denies facts

is buried within its lengthy responses. Defendant also disputes or admits facts "[s]ubject to and without waiving" the objections it raises, which is a disfavored technique in responding to fact statements. Certainly a party is required to admit or deny a fact even if there is an objection. But listing a host of lengthy objections and then responding violates the rules and is unhelpful to the Court.

For example, Defendant's response to paragraph 32 of Plaintiff's statement of additional facts is as follows:

> RESPONSE: Defendant objects that this paragraph alleges multiple, unrelated facts and seeks to exceed the 40 statements of additional fact permitted under Local Rule 56.1(d)(5) without leave of Court. Defendant further objects that "supported Castronova in issues discipline to Plaintiff throughout Plaintiff's tenure in the Information Department" is argumentative. *See Rivera*, 319 F. Supp. 3d at 1018. Defendant further objects that the allegations in Plaintiff's First Amended Complaint from Plaintiff's 2016 Lawsuit are inadmissible hearsay. Def. Ex. 11, First Am. Compl. 2016 Lawsuit; Fed. R. Civ. P. 56.1(c)(2); Fed. R. Evid. 802.
>
> Defendant further objects that the evidence cited by Plaintiff does not support that Castronova "issu[ed] discipline to Plaintiff throughout Plaintiff's tenure in the Information Department" or that Castronova was personally involved in the prior instances in which Plaintiff was disciplined at IWCC. Def. Ex. 1, Aponte Dep. 224:2-10; Def. Ex. 4, Lagatutta Dep. 59:17-61:3; Fed. R. Civ. P. 56.1(c)(2); N.D. Ill. LR 56.1(d)(2). Defendant objects that the evidence cited by Plaintiff does not support that Lagattuta "supported Castronova in issuing discipline to Plaintiff throughout Plaintiff's tenure in the Information Department." *Id.* Defendant further objects that the evidence cited by Plaintiff does not support that "Lagattuta could not recall a time earlier than July 26, 2018, when he wanted to fire Plaintiff." Def. Ex. 4, Lagattuta Dep. 71:18–23; Fed. R. Civ. P. 56.1(c)(2); N.D. Ill. LR 56.1(d)(2).
>
> Defendant further objects that it is immaterial whether Lagattuta "wanted to fire Plaintiff" because IWCC implements the tenets of progressive and corrective discipline, pursuant to the CBA—Def. Ex. 7, CBA at IWCC 19CV526 0001205; Def. Ex. 4, Lagattuta Dep. 33:10–34:4, 38:21–39:11, 72:6–19, 145:6–9—and because, before her termination, Plaintiff had previously received the following progressive discipline:
>
> - On December 17, 2012, Plaintiff received an oral reprimand for failure to perform work and insubordination;

9

- On May 29, 2013, Plaintiff received an oral reprimand for failure to perform work and insubordination;

- On August 15, 2013, Plaintiff received a written reprimand for failure to perform work and insubordination;

- On April 16, 2014, Plaintiff received a 2-day suspension for conduct unbecoming a state employee;

- On July 29, 2014, Plaintiff received a 3-day suspension for failure to perform work duties;

- On July 14, 2015, Plaintiff received a 6-day suspension for intimidation, threats, harassment, and disorderly conduct;

- On April 21, 2016, Plaintiff received an 8-day suspension for insubordination and incompetence or inefficiency in the performance of assigned duties;

- On June 21, 2016, Plaintiff received a 10-day suspension for incompetence or inefficiency in the performance of assigned duties;

- On December 16, 2016, Plaintiff received a 20-day suspension for insubordination; disorderly conduct; conduct unbecoming of a Commission employee; hostile behavior; incompetence or inefficiency in the performance of assigned duties; and unexcused absences;

- On June 6, 2017, Plaintiff received a 25-day suspension for incompetence or inefficiency in the performance of assigned duties; unexcused absences;

- insubordination disorderly conduct; conduct unbecoming of a Commission employee; and hostile behavior; and

- On October 6, 2017, Plaintiff received a 30-day suspension for disorderly conduct, abuse and coercion of a co-worker; knowingly misrepresenting material facts to a supervisor; and knowingly making a false report or complaint to a supervisor.

Def. Ex. 3, Notice of Termination; Def. Ex. 1, Aponte Dep. 93:12–100:7, 105:8–19; Def. Ex. 4, Lagattuta Dep. 145:6–18.

Subject to and without waiving the foregoing objections, Defendant admits that Lagattuta knew Plaintiff since she worked at her prior role in the Data Entry Department (*i.e.*, at least as early as 2014). Defendant disputes that Castronova "issu[ed] discipline to Plaintiff throughout Plaintiff's tenure in the Information

Department." Def. Ex. 4, Lagattuta Dep. 33:10–39:11, 70:11–72:19, 145:6–18; Def. Ex. 7, CBA; Def. Ex. 1, Aponte Dep. 93:12–100:7, 105:8–19. Defendant disputes that "Lagattuta could not recall a time earlier than July 26, 2018, when he wanted to fire Plaintiff." Def. Ex. 4, Lagattuta Dep. 70:11–72:19; Def. Ex. 21, Lagattuta Email dated July 20, 2018.

[176] ¶ 32.  As another example, Defendant's response to paragraph 38 of Plaintiff's statement of

additional facts reads:

RESPONSE: Defendant objects that this paragraph alleges multiple, unrelated facts and seeks to exceed the 40 statements of additional fact permitted under Local Rule 56.1(d)(5) without leave of Court. Defendant further objects that the facts alleged in this paragraph are argumentative. *See Rivera*, 319 F. Supp. 3d at 1018. Defendant further objects that the evidence cited by Plaintiff does not support the fact that "CMS Labor's Notice of Approval stated that Plaintiff was fired as of September 6, 2018." Def. Ex. 20, Alderman Dep. 74:10–75:23; Pl. Ex. 23 at IWCC 19CV520 0000639; Def. Ex. 21, Rausch Dep. 102:15-103:20; Pl. Ex. 24 at IWCC 19CV526 0000637, 639; Fed. R. Civ. P. 56.1(c)(2); N.D. Ill. LR 56.1(d)(2).

Defendant further objects that it is immaterial whether CMS, a third party, followed its standard policies and procedures with respect to Plaintiff's termination. Defendant further objects that it is immaterial that the Notice of Approval was served to Plaintiff on September 17, 2028, because Plaintiff's termination was not effective until September 19, 2018. Def. Ex. 3, Notice of Termination. Defendant further objects that the dates on which CMS approved Plaintiff's termination and served Plaintiff with its Notice of Approval of Written Charges are immaterial because Plaintiff was on notice of the charges against her and had previously appeared for an investigative interview and a pre-disciplinary meeting. Def. Ex. 16, Notice of Pre-Disciplinary Meeting; Def. Ex. 17, Notice of Investigative Interview; Def. Ex. 1, Aponte Dep. 100:11–102:16.

Subject to and without waiving the foregoing objections, Defendant disputes that "CMS Labor's Notice of Approval stated that Plaintiff was fired as of September 6, 2018." Def. Ex. 25, CMS Notice of Approval. Defendant admits that CMS Labor informed Plaintiff it approved the IWCC's recommendation to terminate her on September 17, 2018. Defendant admits that the Notice of Approval was served on Plaintiff on September 17, 2018. Defendant admits that Plaintiff's Notice of Termination from the IWCC stated that Plaintiff was terminated, effective September 19, 2018.

[176] ¶ 38.  Such responses "undermine the utility of Local Rule 56.1 and the clarity in the record that the rule is intended to promote." *Bader v. Air Line Pilots Ass'n, Int'l*, 2018 WL 2560946, at *3 (N.D. Ill. June 4, 2018).

A district court has substantial discretion in managing its docket, including at the summary judgment phase, and the Court exercises such discretion here. *See, e.g.*, *Grayson v. O'Neill*, 308 F.3d 808, 817 (7th Cir. 2002).  While the Court has discretion to overlook the violations, the Court declines to do so.  The Court is not required to parse through the filings and the evidentiary record before it to identify a genuinely disputed fact.  The Court considered the typical sanctions – deeming facts admitted or striking improper statements of facts – but that would result in an opinion that is not true to the record.  The Court considered imposing monetary sanctions on both sides, but will decline to do so at this time, as this will just result in shifting money back and forth.

The Court concludes that it is better to allow the parties to refile the summary judgment briefing than to waste judicial resources evaluating the non-complying filings.  *See Palmer*, 2023 WL 11960561, at *3–4 (striking summary judgment briefing when the parties' cumulative Local Rule 56.1 violations left "the court without the roadmap to the facts the rule requires").  Enough judicial resources have already been spent pointing out these violations.  The parties are cautioned that failure to abide by the Local Rules in the future may result in more serious consequences.

**Conclusion**

For the reasons stated above, the Court strikes Defendant's motion for summary judgment and all briefing on the matter. Defendant shall refile its motion for summary judgment by 12/05/2025. Plaintiff shall refile her response by 1/05/2026. Defendant shall file its reply by 1/19/2026.

**SO ORDERED.**

Dated: November 6, 2025

_____
Sunil R. Harjani
United States District Judge